**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2431
_____

ORLANDO EDNEY,
                                        Appellant

v.

C. HALIBURTON, MAIL ROOM OFFICER;
JOHN DELANEY, WARDEN DETENTION CENTER;
LOUIS GIORLA, COMMISSIONER OF PP'S;
MICHAEL NUTTER, MAYOR OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-14-cv-01095)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2016
Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2016)
_____

OPINION*
_____

PER CURIAM

        Appellant Orlando Edney appeals from an order of the District Court dismissing

his amended complaint.  For the reasons that follow, we will affirm.

Edney, a pretrial detainee facing charges in the Philadelphia County Court of Common Pleas, filed an in forma pauperis civil rights action in the United States District Court for the Eastern District of Pennsylvania against former City of Philadelphia Mayor Michael Nutter, Prison Commissioner Louis Giorla, Warden John Delaney, and mail room Officer C. Haliburton. Edney alleged that his constitutional rights were violated when Haliburton tampered with his regular mail by removing and destroying a photocopy of his codefendant Benjamin Collier's identification card ("ID card"), which Collier had attached to his notarized statement. Although the ID card was confiscated, the statement itself, which was apparently offered to exonerate Edney, was properly delivered by prison authorities to Edney.[1] Collier alleged in his complaint that the removal and destruction of the ID card photocopy will do irreparable damage to his defense of innocence. In an order entered on December 19, 2014, the District Court dismissed the amended complaint, concluding that it did not state an actionable constitutional violation as required by 42 U.S.C. § 1983.

Edney appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to proceed in forma pauperis and advised him that the appeal could be summarily dismissed under 28 U.S.C. § 1915(e)(2) or that the Court could summarily affirm under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. After Edney submitted argument in support of his appeal, the Clerk concluded that the appeal should proceed to briefing and directed the parties to specifically address whether Edney had stated a claim of denial

---

[1] In this affidavit, Collier stated that: "Orlando Edney had no knowledge that 7418 Medrick Place was not my place of residence and that I Benjamin Collier open[ed] the door for his entry to utilize the bathroom, which he was doing at the time officers arrived."

of access to the courts, pursuant to the First and Fourteenth Amendments and <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996). In his Informal Brief, Edney argues that dismissal of his complaint was in error because Officer C. Haliburton tampered with and confiscated a "Legal Binding Document," that the document -- an ID card photocopy -- did not present a security risk, and that he has suffered emotional distress as a result of the confiscation. In pertinent part, the appellees in their brief concede that nominal damages are available for First Amendment violations, but note that Edney has not yet been tried and thus has suffered no actual harm.

We will affirm. We exercise plenary review over a Rule 12(b)(6) dismissal. <u>See</u> <u>Weston v. Pennsylvania</u>, 251 F.3d 420, 425 (3d Cir. 2001). We "are free" to affirm the judgment "on any basis which finds support in the record." <u>Bernitsky v. United States</u>, 620 F.2d 948, 950 (3d Cir. 1980). Dismissal under Rule 12(b)(6) is proper where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Conclusory allegations are insufficient to survive a motion to dismiss. <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).

Prisoners have a right of access to the courts, <u>Lewis</u>, 518 U.S. 343; <u>Bounds v. Smith</u>, 430 U.S. 817 (1977). This right prohibits active interference with a prisoner's preparation or filing of legal documents and ensures a reasonably adequate opportunity to present violations of fundamental constitutional rights. <u>Lewis</u>, 518 U.S. at 350-51. The

right to present a defense of innocence is one of those rights, but a violation is only established where the prisoner shows that he was actually injured, that is, where he shows that he was actually hindered in his efforts to pursue a legal claim, id. at 351. An actual injury is shown only where an arguable claim is lost, Christopher v. Harbury, 536 U.S. 403, 415 (2002). If Edney has not yet been tried and convicted, his claim of innocence has not yet been lost. "The ripeness doctrine determines 'whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" Pittsburgh Mack Sales & Service, Inc. v. International Union of Operating Engineers, 580 F.3d 185, 190 (3d Cir. 2009) (quoting Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003)). A claim is not ripe for adjudication if it rests on some contingent future event, as does Edney's claim. Texas v. United States, 523 U.S. 296, 300 (1998). In that he has not yet been tried and convicted, Edney's access to the courts claim involving a defense of innocence cannot survive a Rule 12 motion to dismiss.[2]

To the extent that Edney merely alleged that he suffered emotional harm from the defendants' destruction of his copy of Collier's photo ID card, which he cannot replace because Collier is deceased, the Prison Litigation Reform Act prohibits recovery of damages for mental and emotional injuries absent a showing of physical injury. 42 U.S.C. § 1997e(e); Mitchell v. Horn, 318 F.3d 523, 535-36 (3d Cir. 2003) (requiring more than *de minimis* physical injury as predicate to allegation of emotional injury). In

---

[2] In any event, as the appellees have pointed out, the loss of the ID card should not affect Edney's defense because a notarized document is self-authenticating, Pa. R. Evid. 902(8). Collier's statement was notarized and thus the ID card is unnecessary.

addition, a prisoner's right to receive and send mail can be restricted for legitimate penological reasons. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 481 U.S. 78, 89 (1987). An isolated incident of mail tampering is generally insufficient to state a First Amendment violation, see, e.g., Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."). Moreover, Edney's assertion that his possession of someone else's photo ID does not pose a security risk is implausible and thus insufficient to survive a motion to dismiss, see Twombly, 550 U.S. at 570.

For the foregoing reasons, we will affirm the order of the District Court dismissing Edney's amended complaint.